# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JFS FT LLC, | ) |
| | ) Case No. 11 CV 0972 (BSJ)(GWG) |
| Plaintiff, | ) |
| | ) NOTICE OF MOTION |
| v. | ) |
| | ) |
| KYOSAY GLOBAL, LLC, an Illinois Limited Liability Company, KYOSAY GLOBAL, an Illinois Partnership, STEVE BORRE, FRANK LAZOWSKI, CAMERON REID, ENTELLI CONSULTING LLC, an Illinois Limited Liability Company, and DOES 1 THROUGH 20 | ) |
| Defendants. | |

| | |
|---|---|
| KYOSAY GLOBAL, LLC, an Illinois Limited Liability Company, | ) |
| Defendant/Counter-Plaintiff | ) |
| vs. | ) |
| JFS FT LLC, | ) |
| Plaintiff/Counter-Defendant | ) |

1

PLEASE TAKE NOTICE that on June 1, 2011, the undersigned filed with the Clerk of the United States District Court, Southern District of New York, **Defendant Entelli Consulting, LLC's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and supporting memorandum**, a copy of which is attached hereto and served upon you.

Dated: June 1, 2011　　　　　　　　　　　　　　　Respectfully Submitted,

New York, NY

　　　　　　　　　　　　　　　　　　　　　　　　By: /s David M. Goldstein
　　　　　　　　　　　　　　　　　　　　　　　　The Law Offices of David M. Goldstein, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　David M. Goldstein (DG-3490)
　　　　　　　　　　　　　　　　　　　　　　　　276 Fifth Avenue, Suite 805
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　　　　　P: (212)-541-8260
　　　　　　　　　　　　　　　　　　　　　　　　F: (212)-477-1731
　　　　　　　　　　　　　　　　　　　　　　　　Dmgoldstein.esq@gmail.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JFS FT LLC, ) | |
| ) | Case No. 11 CV 0972 (BSJ)(GWG) |
| Plaintiff, ) | |
| ) | MOTION TO DISMISS PURSUANT |
| v. ) | TO F.R.C.P. 12(b)(6) |
| ) | |
| KYOSAY GLOBAL, LLC, an Illinois ) | |
| Limited Liability Company, KYOSAY ) | |
| GLOBAL, an Illinois Partnership, STEVE ) | |
| BORRE, FRANK LAZOWSKI, CAMERON ) | |
| REID, ENTELLI CONSULTING LLC, an ) | |
| Illinois Limited Liability Company, and ) | |
| DOES 1 THROUGH 20 ) | |
| ) | |
| Defendants. | |
| _____ | |
| | |
| KYOSAY GLOBAL, LLC, an Illinois ) | |
| Limited Liability Company, ) | |
| ) | |
| Defendant/Counter-Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| JFS FT LLC, ) | |
| ) | |
| Plaintiff/Counter-Defendant ) | |
| _____ | |

**ENTELLI'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Entelli Consulting, LLC ("Entelli") moves to dismiss JFS FT LLC's ("JFS") first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support states as follows:

1.  Entelli is a staffing company that entered into a written agreement with JFS (the "Agreement") to provide JFS with candidates to fulfill its employment needs.

3

2. After interviewing, selecting, and hiring candidates presented to it by Entelli, JFS filed this lawsuit against Entelli for breach of contract, breach of implied warranty of fitness for a particular purpose, breach of express warranty by affirmation, promise, and description, breach of warranty of merchantability, and unjust enrichment.

3. JFS' claims appear to arise out of the purportedly poor performance of the technical personnel provided to JFS by Entelli.

4. JFS, however, had complete discretion to screen, vet, interview, and hire candidates presented to them by Entelli.

5. Therefore, it comes as no surprise that the Agreement clearly states that JFS cannot hold Entelli liable "if such personnel are determined by [JFS] not to meet [JFS'] requirements."

6. In addition, the Agreement also unambiguously indicates that JFS' payment to Entelli for work performed by the technical personnel constitutes acceptance of the adequacy of the work performed.

7. According to JFS' own pleading, it admittedly paid Entelli over $550,000 for work performed by the personnel introduced to JFS by Entelli.

8. Therefore, JFS has waived its present claim that the work has not been performed in a satisfactory manner.

9. Despite the clear guidance of the Agreement, JFS seeks to unlawfully hold Entelli liable as set forth in its amended complaint.

10. The District Court is permitted to review "any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference." *See, e.g., Subaru Distrib. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005).

11. Here, JFS clearly incorporates the Agreement by its explicit and numerous references throughout the pleading.

12. Because the clear and unambiguous language of the Agreement flatly contradicts the allegations made in the amended complaint, JFS' pleading cannot withstand muster under Rule 12(b)(6).

13. For these reasons, Entelli seeks dismissal of each count asserted by JFS against Entelli.

14. Pursuant to Local Civil Rule 7.1 and 7.1(a), a memorandum of law is attached.

WHEREFORE, Entelli Consulting LLC moves for entry of an order dismissing counts II, III, IV, V, and VII , and any other relief this Court deems just and proper.

Dated: June 1, 2011                     Respectfully Submitted,

                                           By: /s David M. Goldstein
                                           The Law Offices of David M. Goldstein, Esq.
                                           David M. Goldstein (DG-3490)
                                           276 Fifth Avenue Ste. 805
                                           New York, NY 10001
                                           P: (212)-541-8260
                                           F: (212)-477-1731
                                           Dmgoldstein.esq@gmail.com

                                 *Attorney for Defendant Entelli Consulting, LLC*