UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JFS FT LLC, ) | |
| ) | Case No. 11 CV 0972 (BSJ)(GWG) |
| Plaintiff, ) | |
| ) | ENTELLI'S MOTION TO STRIKE |
| ) | THE AFFIDAVIT OF JOHN FINN |
| v. ) | |
| ) | |
| KYOSAY GLOBAL, LLC, an Illinois ) | |
| Limited Liability Company, KYOSAY ) | |
| GLOBAL, an Illinois Partnership, STEVE ) | |
| BORRE, FRANK LAZOWSKI, CAMERON ) | |
| REID, ENTELLI CONSULTING LLC, an ) | |
| Illinois Limited Liability Company, and ) | |
| DOES 1 THROUGH 20 ) | |
| | |
| Defendants. | |

| |
|---|
| KYOSAY GLOBAL, LLC, an Illinois ) |
| Limited Liability Company, ) |
| ) |
| Defendant/Counter-Plaintiff ) |
| ) |
| vs. ) |
| ) |
| JFS FT LLC, ) |
| ) |
| Plaintiff/Counter-Defendant ) |

**ENTELLI'S MOTION TO STRIKE THE AFFIDAVIT OF JOHN FINN**

Entelli Consulting, LLC ("Entelli") moves for entry of an order striking the affidavit of John Finn, and in support states as follows:

1

1. In an attempt to raise facts not set forth in its amended complaint, JFS FT LLC ("JFS") cites to the Affidavit of John Finn throughout its opposition to Entelli's motion to dismiss the amended complaint. (Opposition, Doc. 36) (Affidavits, Docs. 39 & 40) (the "Affidavit").

2. As a preliminary matter, however, the Affidavit was neither prepared nor filed in support of JFS' opposition to Entelli's motion to dismiss the amended complaint.

3. Rather, the Affidavits appearing at Docket Entries 39 and 40 contain the heading "AFFIDAVIT OF JOHN FINN IN OPPOSITION TO KYOSAY GLOBAL LLC'S, CAMERON REID'S, STEVE BORRE'S, AND FRANK LAZOWSKI'S MOTION TO DISMISS." (Doc. 39 & 40, p. 1).

4. **Moreover,** paragraph one of the Affidavit states:

I am the CEO of Plaintiff JFS FT LLC ("JFS") in this action. I am personally familiar with the matters set forth herein and **make this affidavit in opposition to Defendants, Kyosay Global, LLC's, Cameron Reid's, Steve Borre's, and Frank Lazowski's (collectively "Reid/Kyosay") motion to dismiss.**

*Id.* at ¶1 (emphasis added).

5. Thus, the Affidavit does not appear to have been properly submitted for consideration with JFS' opposition to Entelli's motion.

6. In addition, Mr. Finn's Affidavit does not support the statements made in JFS' brief that cite to the Affidavit. For example, with regard to paragraph seven of the Agreement JFS argues in its opposition papers that "Again, JFS reasonably understood this language to concern only the selection of adequate and qualified personnel, but not to relate to the performance and work product of those personnel after their selection." *See* Doc. 36 at 9. In support of that statement, JFS relies upon paragraphs thirteen and fourteen of the Affidavit. Paragraphs thirteen and fourteen of the Affidavit make no mention of Entelli.

7. As a further example, JFS vigorously argues that it "disputes such fact and states that it neither interviewed any defendant personnel nor was given an opportunity to do so." *Id.* at

8. Because this factual statement does not appear anywhere in the amended complaint, JFS cites to paragraph sixteen of the Affidavit. *Id.* at fn 17. That paragraph, however, states:

Had I known at the time these statements were false, JFS would not have hired Kyosay. I relied on his advice and opted for the new software application and trusted in his representations that he and his company were able to deliver such an application.

*See* Affidavit, Doc. 40 at ¶17. Clearly, this paragraph has nothing to do with JFS' contention that it was never afforded the opportunity to interview candidates presented to it by Entelli. This pattern of mis-citing to portions of the Affidavit continues throughout JFS' opposition papers and renders the Affidavit improper.

9. **Most importantly,** this Court cannot consider the Affidavit submitted by JFS in support of its motion to dismiss. *See, e.g., Cyril v. Neighborhood P'ship II Hous. Dev. Fund, Inc.*, 124 Fed. Appx. 26 (2d Cir. 2005). *See also Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (review of motion to dismiss is limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits).

10. Accordingly, the Affidavit of Mr. Finn cannot be considered by this Court in ruling upon Entelli's motion to dismiss.

WHEREFORE, Entelli Consulting LLC moves for entry of an striking the affidavit of John Finn and/or in the alternative, an order permitting Entelli to submit counter-affidavits in support of its motion to dismiss, and any other relief this Court deems just and proper.

Dated July 5, 2011             Respectfully Submitted,

                         /s/Vivek Jayaram, Esq.
                          Jayaram Law Group
                          33 N. LaSalle Street
                         Suite 2900
                         Chicago, IL 60602
                         vivek@jayaramlaw.com
                         Tel: 312.454.2859
                         Fax: 312.624.7701
                         Counsel for Entelli Consulting, LLC
                         www.jayaramlaw.com

                         /s David M. Goldstein
                         The Law Offices of David M. Goldstein, Esq.
                         David M. Goldstein (DG-3490)
                         276 Fifth Avenue, Suite 805
                         New York, NY 10001
                         Tel: (212)-541-8260
                         Fax: (212)-477-1731
                         Dmgoldstein.esq@gmail.com