UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

| | |
|---|---|
| JFS FT LLC, | Case No. 11 Civ 0972 (BSJ) |
| **Plaintiff,** | |
| vs. | PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ENTELLI CONSULTING LLC'S AMENDED MOTION TO STRIKE THE AFFIDAVIT OF JOHN FINN |
| KYOSAY GLOBAL, LLC, an Illinois Limited Liability Company, KYOSAY GLOBAL, an Illinois Partnership, STEVE BORRE, FRANK LAZOWSKI, CAMERON REID, ENTELLI CONSULTING LLC, an Illinois Limited Liability Company, and DOES 1 THROUGH 20, | |
| **Defendants.** | |

--------------------------------------------------------
KYOSAY GLOBAL, LLC, an Illinois Limited Liability Company,

  **Defendant/Counter-Plaintiff,**

vs.

JFS FT LLC,

  **Plaintiff/Counter-Defendant.**
--------------------------------------------------------

Plaintiff, JFS FT LLC, Inc., hereby opposes Entelli Consulting LLC's ("Entelli" or "defendant") motion to dismiss the Affidavit of John Finn In Opposition To Entelli Consulting LLC's Motion To Dismiss.

**DEFENDANT FAILED TO INTRODUCE THE ENTIRE CONTRACT**

Defendant's entire argument to dismiss the First Amended Complaint rests on its suggested construction of portions of an incomplete contract appended to its memorandum. However, in doing so, defendant omitted the most relevant

portion of such contract: the Work Order referenced and made part of the contract as Appendix A.[1]

The Work Order is the essence of the contract between the parties and the allegations in the First Amended Complaint track defendant's failure to perform the terms of the Work Order.[2]

Yet, after placing the incomplete contract before the court, defendant disingenuously complains of plaintiff's affidavit in opposition that serves to place the Work Order before the court.

The cases defendant sites do not prohibit a court from reviewing affidavits if it intends to convert a motion to dismiss into a motion for summary judgment. However the court need not do so and may simply deny a motion to dismiss if the court determines that the complaint is adequate and that further discovery is reasonably required before a motion for summary judgment would be ripe for adjudication.

"[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and *which is integral to the complaint*, the defendant may produce the prospectus …."[3]

---

[1] Finn Affidavit re Entelli, Exhibit A, Work Order.
[2] First Amended Complaint, paras. 87-89.
[3] *Cortec Industries, Inc., v. Sum Holding L.P.*, 949 F.2d 42 (2nd Cir. 1991)(emphasis added).

Given the explicit purpose of this exception, and given that the Work Order is "integral to the complaint," it would turn the law on its head if defendant were be allowed to introduce all but the Work Order.

**THE AFFIDAVIT OF JOHN FINN SHOWS THE EXISTENCE OF ISSUES OF MATERIAL FACT THAT WOULD DEFEAT A MOTION FOR SUMMARY JUDGMENT**

The remainder of the affidavit of John Finn is in direct response to defendant's arguments asking this court to construe the terms of the contact in its favor.

If any construction is to be made at this juncture, the court should resolve any issues or ambiguities in favor of plaintiff.[4] However, the statements of Mr. Finn illustrate that even if the court were to decide to treat defendant's motion as one for summary judgment that issues of fact exist that would nonetheless preclude the same, especially in regard to contractual language susceptible to varying but reasonable interpretations.[5]

It is also disingenuous for defendant to maintain this motion where the majority of its reply memorandum in support of its motion to dismiss implores this court to accept counsel's factual assertions of the status of defendant and urges the court to "recognize" his assertion that some factual arrangement is "commonplace" in an industry he asserts defendant is part of. Such is a

---

4 *Holmes v. Grubman,* 568 F.3d 329, 335 (2d Cir.2009).
5 *Pouch Term., Inc. v Hapag-Lloyd (Am.) Inc.*, 172 AD2d 735, 736 (2d Dep't 1991).

smokescreen designed to obscure that 1) the complaint is sufficient on its face and 2) that the Work Order lists each item defendant failed to perform—which defendant does not claim it ever did.[6]

Although the defendant requests leave to provide further affidavits, it does not indicate what such could achieve. Unless such affidavits were to confirm Mr. Finn's statements—which might lead to summary judgment *in favor of* JFS—any defense affidavits contradicting Mr. Finn would require this court to deny summary judgment.

**CONCLUSION**

For all of the foregoing, JFS respectfully requests this court deny defendant's motion to strike and deny defendant's motion to dismiss the First Amended Complaint.

Dated:   New York, New York
July 15, 2011

_____

Ravi Ivan Sharma, RS2064
Attorney for plaintiff, JFS FT LLC
200 Park Avenue South, Suite 1511
New York, NY 10003-1536
212 537 5957

---

[6] Defendant's Reply In Support Of Motion To Dismiss Pursuant To F.R.C.P 12(b)(6), page 7, fn. 5, "Entelli need not "allege" performance when JFS' payment effectively acts as approval of Entelli's performance under paragraph three."